IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN SHERMAN JUMPER, ALLUVIAN SECURITIES, LLC, AMERICAN INVESTMENTS FUND, II, LLC, SPEEDEE BRAKES, LLC, THOUSAND HILLS CAPITAL, LLC AND EVERTONE RECORDS, LLC, )<br>)<br>Defendants. ) | No. 2:18-cv-02259-TLP-tmp<br><br>JURY DEMAND |

**FINAL JUDGMENT AS TO DEFENDANT JOHN SHERMAN JUMPER, ALLUVIAN SECURITIES, LLC, AMERICAN INVESTMENTS FUND II, LLC, SPEEDEE BRAKES, LLC, THOUSAND HILLS CAPITAL, LLC, AND EVERTONE RECORDS, LLC**

The Court hereby grants Plaintiff Securities and Exchange Commission's Motion for Default Judgment Against Defendants and orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant John Sherman Jumper ("Jumper") is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Jumper's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Jumper or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jumper is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instrument of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Jumper's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Jumper or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jumper is liable for disgorgement of $5,700,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $726,758.79, for a total amount of disgorgement of $6,426,758.79.  Defendant Jumper shall satisfy this obligation by paying the total disgorgement to the Securities and Exchange Commission after entry of this Final Judgment.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jumper shall pay a civil penalty in the amount of $5,700,000, representing the gross amount of pecuniary gain Defendant Jumper received as a result of the conduct here, pursuant to Section 21(d)(3)(B) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)] and 20(d) of the Securities Act [15 U.S.C. § 77t(d)(2)].  Defendant Jumper shall satisfy this obligation by paying the civil penalty amount to the Securities and Exchange Commission after entry of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Alluvion Securities, LLC is jointly and severally liable with Jumper for disgorgement of $540,000, representing ill-gotten gains of Jumper's scheme in its possession, together with prejudgment interest thereon in the amount of $68,850.83, for a total of $608,850.83.  Relief

Defendant Alluvion Securities, LLC shall satisfy this obligation by paying the total to the Securities and Exchange Commission after entry of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant American Investments Fund II, LLC is jointly and severally liable with Jumper for disgorgement of $6,000, representing ill-gotten gains of Jumper's scheme in its possession, together with prejudgment interest thereon in the amount of $765, for a total of $6,765.  Relief Defendant American Investments Fund II, LLC shall satisfy this obligation by paying the total to the Securities and Exchange Commission after entry of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Speedee Brakes, LLC is jointly and severally liable with Jumper for disgorgement of $730,000, representing ill-gotten gains of Jumper's scheme in its possession, together with prejudgment interest thereon in the amount of $93,076.13, for a total of $823,076.13.  Relief Defendant Speedee Brakes, LLC shall satisfy this obligation by paying the total to the Securities and Exchange Commission after entry of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Thousand Hills Capital, LLC is jointly and severally liable with Jumper for disgorgement of $287,000, representing ill-gotten gains of Jumper's scheme in its possession, together with prejudgment interest thereon in the amount of $36,592.94, for a total of $323,592.94.  Relief Defendant Thousand Hills Capital, LLC shall satisfy this obligation by paying the total to the Securities and Exchange Commission after entry of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Evertone Records, LLC is jointly and severally liable with Jumper for disgorgement of $89,800, representing ill-gotten gains of Jumper's scheme in its possession, together with prejudgment

interest thereon in the amount of $11,449.64, for a total of $101,249.64.  Relief Defendant Evertone Records, LLC shall satisfy this obligation by paying the total to the Securities and Exchange Commission after entry of this Final Judgment.

The Commission shall hold any funds paid pursuant to this judgment (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED**, this 1st day of November, 2018.

s/ Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE
